UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEWITT BROWN, ) | |
| ) | |
| Plaintiff, ) | 07 C 7012 |
| ) | |
| vs. ) | Honorable Judge |
| ) | William Hibbler |
| COUNTY OF COOK, ILLINOIS ) | |
| THOMAS DART, SALVADOR GODINEZ ) | Magistrate Judge Nolan |
| SCOTT KURTOVICH, and ANDERSON, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come the defendants, Cook County Sheriff Thomas Dart, Salvador Godinez, Scott Kurtovich, Jessie Anderson, and the County of Cook by their attorney Richard A. Devine, by and through his assistant, Jack G. Verges, and pursuant to Fed.R.Civ.P. 12(b)(6), move this Honorable court to dismiss Plaintiff's Complaint against him for failure to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent

from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

### DEFENDANTS DART, GODINEZ, KURTOVICH AND ANDERSON ARE NOT LIABLE IN THEIR INDIVIDUAL CAPACITY.

Plaintiff fails to allege any personal involvement of Defendants Dart, Godinez, Kurtovich, and Anderson. To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit has reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125,1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864,869 (7th Cir. 1983)(emphasis in original).

A plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). A plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974). In addition, the allegations must go beyond what a defendant "should have known." *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct 598, 607 (1976). Because the doctrine of *respondent superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or

supervisor responsible merely because of his position. *Model v. New York City Department of Social Services*, 436 U.S. 658, 691, 90 S. Ct. 2018, 2036 (1978).

There are no allegations that Defendant Michael Sheahan, participated directly or otherwise in any violation of Plaintiff's constitutional rights. Plaintiff fails to state a cause of action and the complaint should be dismissed with prejudice.

### DEFENDANTS DART, GODINEZ, KURTOVICH AND ANDERSON ARE NOT LIABLE IN THEIR OFFICIAL CAPACITY

Plaintiff has failed to state an official capacity claim against Defendants Dart, Godinez, Kurtovich, and Anderson. Actions brought against government officers, in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018, 2036 (1977). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id*. at 2037. Accordingly, Plaintiff has failed set forth allegations sufficient to support a claim under *Monell*. More fundamentally, Plaintiff failed to state a constitutional claim and therefore Defendant Michael Sheahan could have no culpability.

To state a § 1983 claim against a government official acting in his official capacity, Plaintiff must sufficiently allege that there is: "1) an express policy that, when enforced, cause[d] a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law,"; 3) that the constitutional injury was caused by a person with "final policymaking authority." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The

requirement exists so that the municipality will not be held liable on the theory of respondeat superior. *Monell*, supra, at 694.

More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown*, 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson*, 102 S. Ct. 445 (1981). In *Jackson v. Marion County*, 66 F.2d 151, 153-54 (7th Cir. 1995), the Seventh Circuit stated:

> Allegations in a complaint are binding admissions...and admissions can of course admit the admitter to the exit from the federal courthouse...**So when** as in Baxter by *Baxter v. Vigo County School Corp.*, 26 F.3d 728 (7th Cir. 1994) **the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office the plaintiff believes violated his rights, the suit is properly dismissed on the pleadings.** (citations omitted)(emphasis added)

A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Plaintiff has failed to allege any allegations of policy or customs. However, assuming *arguendo* that Plaintiff had actually made such allegations, they would not state a claim for which relief could be granted. Boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a §1983 claim. *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago*, 760 F.2d 765, 767-769, (7th Cir. 1985). In *Hossman*, the court stated: "Alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id.*; *See also*: *Williams v. City of Chicago*, 525 F.Supp. 85 (N.D. Ill. 1981); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985). In

4

*Rodgers v. Lincoln Towing Service, Inc*., 596 F.Supp. 13, 20 (N.D. Ill. 1984), the Court stated "Such boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in §1983 actions. Even under the most liberal pleading requirements, the instant complaint fails to include sufficient allegations to place the court and Defendant on notice of the gravamen of the complaint and must be dismissed. *See McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

### DEFENDANT COUNTY OF COOK CANANOT BE HELD LIABLE FOR THE ALLEGED CONDUCT OF THE SHERIFF OR HIS DEPUTIES.

As a matter of law, the Sheriff and his deputies are not County employees and, as a result, the County cannot be held directly liable for the alleged conduct of the Sheriff or his deputies. *See Moy v. County of Cook*, 159 Ill.2d 519, 530, 640 N.E.2d 926, 931 (1994)(holding that the Sheriff is an "officer and, as such, is not an employment relationship with the County of Cook" and "therefore the county may not be held vicariously liable for the sheriff's alleged negligent conduct.") *Accord O'Connor v. County of Cook*, 787 N.E. 2d 185, 2003 Ill. App. LEXIS 279, *15 (1st Dist. March 10, 2003)(following *Moy* and holding that the County does not "bear any vicarious liability for the acts and omissions of the Sheriff and his staff.")

Indeed, the Sheriff of Cook County is an independently elected constitutional officer who answers only to the electorate, not to the County government. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989); *cert. denied*, 495 U.S. 929 (1990); accord Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995)(dismissing the plaintiff's §1983 claims against DuPage County based upon the alleged conduct of the DuPage County Sheriff and stating that "it is plain that the county was properly dismissed; Illinois sheriffs are independently elected officials not subject to the control of the county.") Cook County deputy sheriff and employees of the

5

Department of Corrections are appointed by the Sheriff and perform all of their duties in the name of the Sheriff. 745 ILCS 5/3-6008 and 5/3-6015. As a matter of law, the County lacks the authority to establish any policies concerning training or the performance of duties by employees of the Sheriff's office. *Thompson*, 882 F.2d at 1187. Thus, the County cannot be liable pursuant to Sections 1983 and 1985(2) for policies or customs of a separate entity over which the County has no control. *Id*.

Because the Sheriff and his employees have no employment relationship with the County, the County likewise cannot be held liable, directly or vicariously, for the alleged misconduct of the individual Defendants in this matter. See Moy, 640 N.E. 2d at 931. Therefore, the Plaintiff's Complaint against the County of Cook should be dismissed.

**WHEREFORE**, Defendants Dart, Godinez, Kurtovich, Anderson, and County of Cook respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: /s/ Jack G. Verges
    JACK G. VERGES
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, IL  60602
    (312) 603-3469
    # 6186215