Order Form (01/2005)

# United States District Court, Northern District of Illinois


HHH

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7012 | **DATE** | August 24, 2010 |
| **CASE TITLE** | Dewitt Brown (B-34511) v. County of Cook, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Defendants' motion to dismiss [20] and dismisses this case with prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Dewitt Brown, currently an inmate at Hill Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. He alleges that, while he was detained at Cook County Jail, his conditions of confinement fell below constitutional standards. Defendants Thomas Dart, Sheriff of Cook County; Salvador Godinez, Executive Director of the Cook County Department of Corrections; Scott Kurtovich, Assistant Director of the CCDOC; Jessie Anderson, Superintendent; and the County of Cook have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has responded to the motion. For the following reasons, the Court grants Defendants' motion to dismiss and dismisses this action.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff alleges that each cell house holds 36 men and has only one shower. The hot water turns cold, and the water in the shower is always stopped up because of inadequate drain systems and defective plumbing. Water accumulated in the shower and leaked into the ventilation system which caused contaminated water to drain into the cellhouse.

| | | Courtroom Deputy Initials: | CLH |
|---|---|---|---|

# STATEMENT

Plaintiff claims that he "stayed with a cold" (Pl. Comp. p. 6) and has been to the doctor several times for illness. Plaintiff alleges that he has made these conditions known to officials when they come on the tier and through the Administrative Grievance Board. However, nothing is done. Detainees also are not given proper protection gear to clean the shower, and mold and slime is building up.

Defendants Dart, Godinez, Kurtovich, and Anderson argue that Plaintiff has not sufficiently pleaded personal involvement because he did not specifically identify the alleged unconstitutional acts or conduct of each named Defendant in regard to Plaintiff's conditions of confinement. *See Bell Atlantic Corp.*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Potter v. Clark*, 497 F.2d 1206, 1207 ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Liability under 42 U.S.C. § 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.*

In his response, Plaintiff claims that Defendants do not tour the jail and consult with detainees about the living conditions because they do not want to listen to the detainees' complaints. This is insufficient to impose individual liability on Defendants because Plaintiff has not linked any specific act or conduct to any of the named Defendants.

Defendants Dart, Godinez, Kurtovich, and Anderson also assert that they are not liable in their official capacity. An official capacity claim is a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) *Chortek*, 356 F.3d at 748. The Seventh Circuit has determined that a municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (internal quotation marks and citation omitted).

In the instant case, Plaintiff merely alleges that Defendants "were applying the unconstitutional conditions as a custom, like it was a part of operating the jail itself, . . ." (Pl. Resp. p. 4.) However, as discussed below, the conditions themselves do not rise to the level of a constitutional violation; therefore, he cannot argue that there is a custom to apply unconstitutional conditions.

Defendant County of Cook argues that it cannot be held liable for the alleged misconduct of the Cook County Sheriff or his subordinates. Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff. *See* 55 ILCS 5/3-15002 and 15003 (2006). Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). It is the Sheriff who has final policymaking authority over jail operations, not the County of Cook and its Board or its president. *Wade v. Stroger*, No. 98 C 4262, 2000 WL 992286, at *3 (N.D. Ill. June 22, 2000) (Zagel, J.). Cook County therefore cannot be held liable for any harm Plaintiff may have endured while in the custody of the Cook County Department of Corrections. *Id.*

Moreover, in order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir.2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999).

Because Plaintiff was a pretrial detainee, his claims regarding the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Conditions of confinement may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). The inmate must allege that the conditions of his confinement deprived him of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (per curiam).

Substandard living conditions do not necessarily equal unconstitutional conditions. *Compare Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("inmates cannot expect the amenities, conveniences and services of a good hotel"), with *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (objective component met where prison conditions were "strikingly reminiscent of the Black Hole of Calcutta"). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997), *citing Farmer, supra*, 511 U.S. at 833-34. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

In the instant case, it was undoubtedly uncomfortable to have the hot water turn cold and to have the water stopped up and leak into the ventilation system, but these conditions do not rise to the level of a constitutional violation. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [a constitutional violation].").

In addition, correctional officials must have acted with deliberate indifference. "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), *quoting Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). "Proving deliberate indifference "requires more than a showing of negligent or even grossly negligent behavior. . . . [T]he corrections officer must have acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008), *quoting Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). "Deliberate indifference" is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm upon a prisoner." *Wilson v. Seiter*, 501 U.S. 294 (1991); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability." *Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (*citing Farmer*, 511 U.S. at 837-38).

In the instant case, Plaintiff states that in response to his complaints, he was told that work orders had been submitted. (Pl. Comp. p. 4.) This indicates that Defendants were not disregarding any potential risk to Plaintiff.

For the foregoing reasons, the Court grants Defendants' motion to dismiss [20] and dismisses this case with prejudice.

*Wm. J. Hibbler*